| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § § *versus* § CASE NO. 4:13-CR-248(1) § JAMES SINGLETON §

## MEMORANDUM AND ORDER

Pending before the court is Defendant James Singleton's ("Singleton") *pro se* Motion for Early Termination of Supervised Release (#212), wherein Singleton requests that the court exercise its discretion to terminate his supervision early because he has served more than half of his term of supervised release and because of his compliance with the conditions of his supervised release, limited criminal history, lack of substance abuse issues, and successful reintegration into society. Having considered the motion, the record, and the applicable law, the court is of the opinion that Singleton's motion should be denied.

I.    Background

On February 12, 2014, the United States Grand Jury for the Eastern District of Texas returned a three-count First Superseding Indictment charging Singleton with (1) Conspiracy to Possess with the Intent to Distribute Heroin and (2) Conspiracy to Possess with the Intent to Distribute Cocaine, both in violation of 21 U.S.C. § 846. On June 15, 2015, Singleton pleaded guilty to Count One of the First Superseding Indictment. On February 2, 2016, the court granted the Government's motion to dismiss Singleton's remaining count and sentenced Singleton to 57 months' imprisonment, followed by a 4-year term of supervised release. On December 12, 2017, the court reduced Singleton's term of imprisonment from 57 months to 28 months. Singleton was released on December 15, 2017, and began his term of supervised release in the Eastern District

of Louisiana. According to the United States Probation Office in the Eastern District of Louisiana, Singleton has complied with the conditions of supervision and met the requirements to be recommended for early termination. Furthermore, the Government does not object to early termination of Singleton's supervised release. Singleton has served approximately two years and five months of his term of supervised release.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Cochran*, No. 19-13090, 2020 WL 2520068, at *1 (11th Cir. 2020); *United States v. Davies*, No. 18-2113, 2018 WL 3954225, at *2 (3d Cir. 2018); *United States v. Trailer*, 827 F.3d 933, 938 (11th Cir. 2016); *United States v. Carpenter*, 803 F.3d 1224, 1241 n.4 (11th Cir. 2015); *United States v. Polydore*, 493 F. App'x 496, 502 n.7 (5th Cir. 2012). Although the Government and Probation do not oppose early termination, this fact, standing alone, is insufficient to justify granting Singleton's request for early termination. *See*, *e.g.*, *United States v. Hartman*, No. 3:00–cr–228, 2013 WL 524257, at *1

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

(N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *cf. United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's Probation Officer supported it).

District courts enjoy considerable discretion in determining when the interests of justice warrant early termination, and "courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *United States v. McClain*, No. 99-CR-93, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009); *see United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying the defendant's motion for early termination of supervised release where he had "done very well" on supervised release, including complying with all terms). Indeed, a defendant's "compliance with the terms of supervision and with the law is not enough to warrant termination; such conduct is expected and required." *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *accord United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Mitchell*, No. 13-538, 2020 WL 64541, at *2 (D.N.J. Jan. 7, 2020) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003))).

Nevertheless, in "cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good," the court may, at its discretion, choose to terminate a defendant's term of supervision. *McClain*, 2009 WL 854107, at *1; *see, e.g., United States v.*

*Kay*, 283 F. App'x 944, 946-47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *United States v. Cooks*, No. 07-303, 2018 WL 4005835, at *1 (W.D. Pa. Aug. 22, 2018) ("[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." (quoting *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010))); *United States v. Robinson*, No. 2004-0005, 2016 WL 3702961, at *9-10 (D.V.I. July 7, 2016); *United States v. Longerbeam*, 199 F. Supp. 3d 1, 3 (D.D.C. 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'" (quoting *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015))); *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (noting that "even perfect compliance with conditions of release does not qualify as 'exceptionally good behavior' warranting early termination").

Here, Singleton, age 49, advises the court that he has taken steps to identify problematic behavior and focus on being a productive member of society. He contends that he has a low risk of recidivism based on his lack of criminal history before the instant offense and lack of substance abuse issues. Singleton cites his profitable business ventures, which involve brokering commercial property loans and flipping houses, businesses he had before his conviction, and identifies his family as a source of support to further demonstrate his reintegration into society. Singleton also expresses optimism about the future, despite the economic downturn caused by the global COVID-19 crisis. In summary, Singleton asserts that the goals of supervised release have been achieved and urges the court to terminate his supervision early.

Nevertheless, the court finds that Singleton's post-release conduct does not warrant early termination of his supervised release. Although Singleton provides the court with a list of commendable achievements and goals, he identifies no new or exceptional circumstances. He also acknowledges that he has consistently had a "drive and compulsion toward the high-risk lifestyle." Given the nature of his offense—participation in a drug trafficking conspiracy that involved the distribution of between one and three kilograms of heroin, supplying his co-conspirators with kilogram quantities of heroin from various sources for distribution to others in the Eastern and Northern Districts of Texas, distributing heroin in the New Orleans area, and selling more than 420 grams of heroin to a co-defendant who transported it to Plano, Texas—early termination would not be in the interest of justice. Thus, although Singleton appears to be on the right track, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation.

III.  Conclusion

Accordingly, Singleton's Motion for Early Termination of Supervised Release (#212) is DENIED.

SIGNED at Beaumont, Texas, this 17th day of June, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE